1

2

3

4

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 25, 2023

SEAN F. McAVOY, CLERK

5

6

7

8

9

10

11

12

13

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KIRSTI S.,[1] | No. 1:20-cv-03165-MKD |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[2] | |
| Defendant. | **ECF Nos. 16, 17** |

14

15

16

17

18

19

20

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER - 1

Before the Court are the parties' cross-motions for summary judgment.  ECF

Nos. 16, 17.  The Court, having reviewed the administrative record and the parties'

briefing, is fully informed.  For the reasons discussed below, the Court grants

Plaintiff's motion, ECF No. 16, and denies Defendant's motion, ECF No. 17.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social

Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

limited; the Commissioner's decision will be disturbed "only if it is not supported

by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153,

1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a

reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159

(quotation and citation omitted).  Stated differently, substantial evidence equates to

"more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and

citation omitted).  In determining whether the standard has been satisfied, a

reviewing court must consider the entire record as a whole rather than searching

for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its

judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152,

ORDER - 2

1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one

rational interpretation, [the court] must uphold the ALJ's findings if they are

supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674

F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §

416.902(a). Further, a district court "may not reverse an ALJ's decision on

account of an error that is harmless." *Id*. An error is harmless "where it is

inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115

(quotation and citation omitted). The party appealing the ALJ's decision generally

bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S.

396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within

the meaning of the Social Security Act. First, the claimant must be "unable to

engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than twelve

months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be

"of such severity that he is not only unable to do his previous work[,] but cannot,

considering his age, education, and work experience, engage in any other kind of

ORDER - 3

substantial gainful work which exists in the national economy."  42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. § 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the

ORDER - 4

enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. § 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience.  *Id.*  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §

ORDER - 5

416.920(g)(1).  If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On May 12, 2016, Plaintiff applied for Title XVI supplemental security income benefits alleging a disability onset date of April 7, 2009.[3]  Tr. 19, 96, 228-34.  The application was denied initially, and on reconsideration.  Tr. 122-24, 128-30.  Plaintiff appeared before an administrative law judge (ALJ) on October 17,

_____

[3] Plaintiff previously applied for benefits on February 9, 2011, which resulted in a 2012 unfavorable decision from an ALJ, Tr. 71-89, and the Appeals Council declined to review the decision, Tr. 90-95.  Plaintiff applied again for benefits on May 27, 2014; the application was denied initially and on reconsideration, and Plaintiff did not appeal the denial.  Tr. 98.

ORDER - 6

2019.  Tr. 42-70.  On November 25, 2019, the ALJ denied Plaintiff's claim.  Tr. 16-36.

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since May 12, 2016.  Tr. 21.  At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the cervical spine; degenerative joint disease of the right hip; osteoporosis; dextroscoliosis; and carpal tunnel syndrome of the right hand.  Tr. 22.

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 23.  The ALJ then concluded that Plaintiff has the RFC to perform sedentary work with the following limitations:

> [Plaintiff] would have the ability to change position during normal breaks and once between breaks to stand up and stretch, if working in a seated position.  She can frequently climb ramps or stairs, and occasionally climb ladders, ropes or scaffolds.  She can frequently push or pull with [the] right upper extremity.  She can frequently stoop, kneel [and] crouch, she can occasionally balance and crawl; she can frequently handle and finger with [the] right hand (unlimited handling and fingering with the left).  [She] [s]hould avoid concentrated exposure to extreme cold, excessive vibration, and workplace hazards such as working with dangerous machinery and working at unprotected heights.

Tr. 24.

ORDER - 7

1       At step four, the ALJ found Plaintiff is unable to perform any of her past

2  relevant work.  Tr. 29.  At step five, the ALJ found Plaintiff had transferrable skills

3  from her past work as a general clerk, including the skills of "basic computer

4  skills, basic telephone skills, basic information and client skills . . . and basic

5  customer service skills."  Tr. 30.  The ALJ found that, considering Plaintiff's age,

6  education, work experience, RFC, and testimony from the vocational expert, there

7  were jobs that existed in significant numbers in the national economy that Plaintiff

8  could perform, such as receptionist and information clerk.  Tr. 31.  Therefore, the

9  ALJ concluded Plaintiff was not under a disability, as defined in the Social

10  Security Act, from the date of the application through the date of the decision.  *Id.*

11       On August 11, 2020, the Appeals Council denied review of the ALJ's

12  decision, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for

13  purposes of judicial review.  *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

15       Plaintiff seeks judicial review of the Commissioner's final decision denying

16  her supplemental security income benefits under Title XVI of the Social Security

17  Act.  Plaintiff raises the following issues for review:

18       1.  Whether the ALJ properly evaluated the medical opinion evidence;

19       2.  Whether the ALJ conducted a proper step-two analysis; and

20       3.  Whether the ALJ properly evaluated Plaintiff's symptom claims.

ORDER - 8

ECF No. 16 at 2.

## DISCUSSION

### A. Medical Opinion Evidence

Plaintiff contends the ALJ erred in her consideration of the opinions of Caryn Jackson, M.D.; Brent Packer, M.D.; and Amelia Rutter, ARNP. ECF No. 16 at 16-22.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id.* at 1202. "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005).

ORDER - 9

"However, the ALJ need not accept the opinion of any physician, including a

treating physician, if that opinion is brief, conclusory and inadequately supported

by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228

(9th Cir. 2009) (internal quotation marks and brackets omitted).  "If a treating or

examining doctor's opinion is contradicted by another doctor's opinion, an ALJ

may only reject it by providing specific and legitimate reasons that are supported

by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81

F.3d 821, 830-31 (9th Cir. 1995)).  The opinion of a nonexamining physician may

serve as substantial evidence if it is supported by other independent evidence in the

record.  *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

   *1. Dr. Jackson and Dr. Packer*

   On November 6, 2017, Dr. Jackson, a treating provider, conducted an

examination and rendered an opinion on Plaintiff's functioning.  Tr. 586-97.  Dr.

Jackson diagnosed Plaintiff with degenerative disc disease of the lumbar spine,

scoliosis, fibromyalgia, and osteoporosis.  Tr. 587.  Dr. Jackson opined Plaintiff is

severely limited, which is defined as "unable to meet the demands of sedentary

work."  Tr. 588.  She opined Plaintiff's limitations were expected to last 12 months

with treatment.  *Id.*

   On November 22, 2017, Dr. Packer reviewed records from Dr. Jackson and

Dr. Cline, and opined Dr. Jackson's opinion that Plaintiff is capable of less than

1    sedentary work is reasonable and agreed the limitations were expected to last 12

2    months.  Tr. 600.  The ALJ gave the opinions of Dr. Jackson and Dr. Packer little

3    weight.  Tr. 28.  As Dr. Jackson is a treating provider, whose opinion is

4    contradicted by the opinions of Dr. Fernandez, Tr. 103-05, and Dr. Schofield, Tr.

5    117-19, the ALJ was required to give specific and legitimate reasons, supported by

6    substantial evidence, to reject Dr. Jackson's opinion.  *See Bayliss*, 427 F.3d at

7    1216.  As Dr. Packer is a non-examining source, the ALJ must consider the

8    opinion and whether it is consistent with other independent evidence in the record.

9    *See* 20 C.F.R. § 416.927(b),(c)(1); *Tonapetyan,* 242 F.3d at 1149; *Lester*, 81 F.3d

10   at 830-31.

11          First, the ALJ found the opinions were unsupported by specific functional

12   assessments of Plaintiff's limitations beyond a conclusory assessment of back pain.

13   *Id.*  The Social Security regulations "give more weight to opinions that are

14   explained than to those that are not."  *Holohan*, 246 F.3d at 1202.  "[T]he ALJ

15   need not accept the opinion of any physician, including a treating physician, if that

16   opinion is brief, conclusory and inadequately supported by clinical findings."

17   *Bray*, 554 at 1228.  As discussed *supra,* Dr. Jackson diagnosed Plaintiff with

18   multiple conditions, and she also noted Plaintiff experiences multiple symptoms,

19   not just back pain.  Tr. 586-97.  On examination, Plaintiff had limited range of

20   motion in her lumbar spine.  Tr. 589.

ORDER - 11

1    Dr. Packer noted Plaintiff had diagnoses of chronic spine pain, with failed

2   injections; fibromyalgia; scoliosis; osteoporosis; hypertension; COPD; possible

3   right elbow epicondylitis; and hand osteoarthritis.  Tr. 600.  He also noted the

4   imaging documented lumbar spine degenerative joint disease that is most severe at

5   L4-5, L5-S1, where there is vacuum disc phenomenon and facet degenerative joint

6   disease.  *Id.*  The ALJ's finding that the opinions were supported only by an

7   assessment of back pain is not supported by substantial evidence.

8    Second, the ALJ found the opinions were inconsistent with the medical

9   records.  Tr. 28.  A medical opinion may be rejected if it is unsupported by medical

10  findings.  *Bray*, 554 F.3d at 1228; *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d

11  1190, 1195 (9th Cir. 2004); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir.

12  2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *Matney v.*

13  *Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).  The ALJ stated Plaintiff's imaging

14  does not coincide with serious physical limitations.  Tr. 28.  Plaintiff's 2016

15  imaging documented multilevel degenerative disc disease with a disc abutting the

16  left S1 nerve; 2017 imaging of her lumbar spine indicated mild levoscoliosis,

17  decreased bone density, and multilevel lumbar spine degenerative changes, which

18  is moderate to severe at L4-5 and L5-S1 with vacuum disc formation; and by 2019,

19  imaging documented multilevel degenerative disc disease, marked bone marrow

20

ORDER - 12

1  edema indicating a probable endplate compression fracture, and severe canal

2  stenosis at L3-4.  Tr. 468-69, 598, 716.

3      The ALJ cited to a string of records in support of her conclusion that

4  Plaintiff's imaging does not coincide with physical limitations.  Tr. 28 (citing, e.g.,

5  Tr. 389, 423, 427, 436, 439).  However, most of the cited records do not lend any

6  support to the ALJ's conclusion.  Plaintiff had limited range of motion, "exquisite

7  pain to palpation," and decreased strength, Tr. 389, tenderness in the low back with

8  ongoing treatment for her pain, Tr. 426-27, and decreased grip strength, Tr. 435-

9  36.  Several of the cited visits do not contain musculoskeletal examinations, and

10  thus do not contain objective evidence that is inconsistent with a disabling back

11  impairment; the visits note Plaintiff's "exercise is very limited due to lumbar disc

12  disease and subsequent back pain," and states she was seeing a spine center, she

13  was taking gabapentin 300 mg three times per day with ongoing radiating pain, and

14  she was being scheduled for epidural injections.  Tr. 423, 438-39.  Plaintiff has had

15  limited lumbar, cervical, shoulder, and finger range of motion, tenderness to

16  palpitation, decreased strength, an antalgic gait, difficulty getting onto the

17  examination table, and a positive straight leg raise test at some appointments.  Tr.

18  389, 534-38, 589, 624, 629, 637, 644, 649, 693, 699-700.  While the ALJ noted

19  there is little medical evidence of Plaintiff using a cane, Tr. 27, Plaintiff used a

20  single point cane in physical therapy to improve her gait, Tr. 699.

1      Although Plaintiff's symptoms waxed and waned, and the ALJ cited to some

2  normal examinations, the ALJ's summary of the evidence ignores a significant

3  amount of the evidence that supports a finding that Plaintiff's back impairment

4  causes serious physical limitations.  An ALJ must consider all of the relevant

5  evidence in the record and may not point to only those portions of the records that

6  bolster her findings.  *See, e.g., Holohan*, 246 F.3d at 1207-08 (holding that an ALJ

7  cannot selectively rely on some entries in plaintiff's records while ignoring others).

8  The ALJ is not permitted to selectively choose from mixed evidence to support a

9  denial of benefits.  *Garrison v. Colvin*, 759 F.3d 995, 1017 n.23 (9th Cir. 2014).

10  As such, the ALJ erred in finding Dr. Jackson and Dr. Packer's opinions were

11  inconsistent with the objective medical evidence, without addressing probative

12  evidence.

13      The ALJ did not set forth specific and legitimate reasons, supported by

14  substantial evidence, to reject Dr. Jackson's opinion.  Additionally, the ALJ's

15  finding that Dr. Packer's opinion is inconsistent with the evidence is not supported

16  by substantial evidence.  The Court finds remand for immediate benefits is

17  appropriate due the ALJ's improper rejection of the opinions, for the reasons

18  discussed herein.

19

20

ORDER - 14

*2. Ms. Rutter*

Ms. Rutter, a treating provider, rendered three opinions on Plaintiff's functioning.  Tr. 8-10, 490-92, 709-11.  In 2018, Ms. Ritter stated Plaintiff was diagnosed with degenerative disc disease of the lumbar spine, central canal stenosis of the cervical spine, fibromyalgia, hypertension, PTSD, and osteoporosis. Tr. 490.  She opined Plaintiff was limited to sedentary work and stated the limitations had existed since at least November 2017.  Tr. 491-92.  In 2018, Ms. Rutter stated Plaintiff was diagnosed with cervicalgia, thoracalgia, and lumbar degenerative disc disease.  Tr. 709.  She opined Plaintiff was unable to maintain even sedentary work, she would need to lie down every two hours off and on, and she would be absent four or more days per month.  Tr. 709-11.  She stated the limitations had existed since at least April 7, 2009.  Tr. 711.  In a 2020 opinion submitted to the Appeals Council, Ms. Ritter stated Plaintiff was diagnosed with lumbar radicular pain, and spondylolisthesis of the cervical region.  Tr. 8.  She opined Plaintiff was unable to maintain even sedentary work, she would miss four or more days per month of work, and she would need to lie down on and off every two hours.  Tr. 8-9.  She again stated the limitations had existed since at least April 7, 2009.  The ALJ gave Ms. Rutter's opinions little weight.  Tr. 29.  An ALJ may

ORDER - 15

reject the opinion of a non-acceptable medical source by giving reasons germane to the opinion.  *Ghanim*, 763 F.3d at 1161.

The Court finds it is unnecessary to address the entirety of the ALJ's analysis of Ms. Rutter's opinions, as remand for immediate benefits is appropriate based on the rejection of Dr. Jackson and Dr. Packer's opinions.  However, the Court notes the ALJ rejected Ms. Rutter's opinions in part because the opinions were rendered by a non-acceptable medical source.  Tr. 29.  That reason alone is not a sufficient reason to reject an opinion.  *See* 20 C.F.R. § 416.927 (2012).  The ALJ also rejected Ms. Rutter's opinions because they were inconsistent with the objective medical evidence.  Tr. 29.  However, the ALJ cited to the same string of medical records cited to when she rejected Dr. Jackson and Dr. Packer's opinions.  *Id.*  As discussed *supra,* the citations do not amount to substantial evidence to support a rejection of a disabling opinion.

**B. Step Two**

Plaintiff contends the ALJ erred at step two by failing to identify her depression and anxiety as severe impairments.  ECF No. 16 at 4-10.  At step two of the sequential process, the ALJ must determine whether claimant suffers from a "severe" impairment, i.e., one that significantly limits her physical or mental ability to do basic work activities.  20 C.F.R. § 416.920(c).

ORDER - 16

When a claimant alleges a severe mental impairment, the ALJ must follow a two-step "special technique" at steps two and three.  20 C.F.R. § 416.920a.  First, the ALJ must evaluate the claimant's "pertinent symptoms, signs, and laboratory findings to determine whether [he or she has] a medically determinable impairment." 20 C.F.R. § 416.920a(b)(1).  Second, the ALJ must assess and rate the "degree of functional limitation resulting from [the claimant's] impairments" in four broad areas of functioning: understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself.  20 C.F.R. § 416.920a(b)(2)-(c)(4).  Functional limitation is measured as "none, mild, moderate, marked, and extreme."  20 C.F.R. § 416.920a(c)(4).  If limitation is found to be "none" or "mild," the impairment is generally considered to not be severe.  20 C.F.R. § 416.920a(d)(1).  If the impairment is severe, the ALJ proceeds to determine whether the impairment meets or is equivalent in severity to a listed mental disorder.  20 C.F.R. § 416.920a(d)(2)-(3).

As the case is being remanded for immediate benefits on other grounds, the Court declines to address this issue in its entirety, but the Court notes that Plaintiff raises multiple supported arguments on this issue.  The ALJ's string cites largely do not provide support for her findings.  *See* ECF No. 16 at 5-6; Tr. 22-23.  There is evidence that could support a finding of a severe mental impairment.  *See, e.g.,* Tr. 480, 482, 500-01, 507, 585.  If the ALJ had found Plaintiff's mental

impairments were severe, and included a limitation in the RFC that limited her

ability to engage in semi-skilled work, Plaintiff would have been found disabled.

ECF No. 16 at 10; Tr. 66.

**C. Plaintiff's Symptom Claims**

Plaintiff faults the ALJ for failing to rely on reasons that were clear and

convincing in discrediting her symptom claims. ECF No. 16 at 10-17. An ALJ

engages in a two-step analysis to determine whether to discount a claimant's

testimony regarding subjective symptoms. SSR 16-3p, 2016 WL 1119029, at *2.

"First, the ALJ must determine whether there is objective medical evidence of an

underlying impairment which could reasonably be expected to produce the pain or

other symptoms alleged." *Molina*, 674 F.3d at 1112 (quotation marks omitted).

"The claimant is not required to show that [the claimant's] impairment could

reasonably be expected to cause the severity of the symptom [the claimant] has

alleged; [the claimant] need only show that it could reasonably have caused some

degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

Second, "[i]f the claimant meets the first test and there is no evidence of

malingering, the ALJ can only reject the claimant's testimony about the severity of

the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations

omitted). General findings are insufficient; rather, the ALJ must identify what

ORDER - 18

symptom claims are being discounted and what evidence undermines these claims. *Id.* (quoting *Lester*, 81 F.3d at 834; *Thomas*, 278 F.3d at 958 (requiring the ALJ to sufficiently explain why it discounted claimant's symptom claims)). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison*, 759 F.3d at 1015 (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: 1) daily activities; 2) the location, duration, frequency, and intensity of pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and 7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. § 416.929(c). The ALJ is instructed to "consider all of the evidence in an individual's record," to "determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2016 WL 1119029, at *2.

ORDER - 19

1    The ALJ found that Plaintiff's medically determinable impairments could

2    reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's

3    statements concerning the intensity, persistence, and limiting effects of her

4    symptoms were not entirely consistent with the evidence.  Tr. 25.

5    As the case is being remanded for immediate benefits on other grounds, the

6    Court declines to address this issue in its entirety, but the Court notes that Plaintiff

7    raises multiple supported arguments on this issue.  The ALJ's citation strings do

8    not support the contention that the objective evidence is inconsistent with

9    Plaintiff's claims and does not amount to a clear and convincing reason to reject

10   Plaintiff's symptom claims.  *See* ECF No. 16 at 14-15.  The ALJ's statement that

11   Plaintiff's independence in her activities of daily living, without any analysis of the

12   activities and their alleged conflicts with Plaintiff's claims, is also not a clear and

13   convincing reason to reject Plaintiff's claims.  *See* ECF No. 16 at 10-12.

14   **D. Remedy**

15   Plaintiff urges this Court to remand for an immediate award of benefits.

16   ECF No. 16 at 21.

17   "The decision whether to remand a case for additional evidence, or simply to

18   award benefits is within the discretion of the court."  *Sprague v. Bowen*, 812 F.2d

19   1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)).

20   When the Court reverses an ALJ's decision for error, the Court "ordinarily must

ORDER - 20

remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). However, in a number of Social Security cases, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits" when three conditions are met. *Garrison*, 759 F.3d at 1020 (citations omitted). Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court will remand for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). Even where the three prongs have been satisfied, the Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021. Here, the Court finds that each of the credit-as-true factors is satisfied and that remand for the calculation and award of benefits is warranted.

ORDER - 21

As to the first element, administrative proceedings are generally useful where the record "has [not] been fully developed," *Garrison*, 759 F.3d at 1020, there is a need to resolve conflicts and ambiguities, *Andrews*, 53 F.3d at 1039, or the "presentation of further evidence . . . may well prove enlightening" in light of the passage of time, *I.N.S. v Ventura*, 537 U.S. 12, 18 (2002). *Cf. Nguyen v. Chater*, 100 F.3d 1462, 1466-67 (9th Cir. 1996) (remanding for ALJ to apply correct legal standard, to hear any additional evidence, and resolve any remaining conflicts); *Byrnes v. Shalala*, 60 F.3d 639, 642 (9th Cir. 1995) (same); *Bunnell v. Sullivan*, 947 F.2d 341, 348 (9th Cir. 1991) (en banc) (same).

Defendant did not present an argument regarding a need for additional proceedings should the case be remanded. *See* ECF No. 17. There are multiple disabling records in the file, as well as Plaintiff's testimony regarding her disabling limitations, and the opinions and Plaintiff's testimony provide support for a finding of disabling limitations from the application date onward. Plaintiff alleges disability beginning in 2009. Tr. 19, 96. However, there is a prior unfavorable decision that was rendered in 2012. Tr. 71-89. Plaintiff then reapplied for benefits on May 27, 2014, which resulted in unfavorable decisions at the initial and reconsideration level. Tr. 110. Plaintiff did not appeal the July 23, 2015 unfavorable decision. Plaintiff filed the new application for benefits on May 12, 2016.

ORDER - 22

1    Plaintiff's alleged onset date could be interpreted as an implied request for

2    reopening of the prior applications, but the prior claims are not able to be

3    reopened.  A prior determination may be reopened in one of three circumstances:

4    (1) within 12 months of the date of the notice of the initial determination, for any

5    reason; (2) within two years of the date of the notice of the initial determination for

6    "good cause"; or (3) at any time if the decision involved fraud.  20 C.F.R. §

7    416.1488.  None of the three circumstances apply to the 2012 determination.

8    While the current application for benefits was filed within one year of the 2015

9    denial, there is no evidence counsel has requested reopening of the prior

10    application.  There are minimal medical records related to the prior application's

11    adjudicative period, and the records contain no evidence of Plaintiff's current

12    severe impairments.  *See* Tr. 365-72, 396-400.  As such, there is no medical

13    evidence to support a finding that the prior claim should be reopened, and no

14    arguments presented from Plaintiff regarding why the claim should be reopened.

15    Further, Title XVI benefits cannot be paid prior to the filing date.  *See* POMS DI

16    25501.370.  Plaintiff's filing date is May 12, 2016 and there are opinions and

17    testimony that cover the entire relevant period regarding her disabling limitations;

18    thus, an inquiry into Plaintiff's ability to qualify for Title XVI benefits prior to the

19    filing date is unnecessary and there is not an outstanding issue requiring resolution

20    through a remand hearing.  *See* Tr. 19, 96.

ORDER - 23

1     Ms. Rutter initially opined Plaintiff was limited to sedentary work, Tr. 490,

2  but stated she was unsure and unable to quantify an answer for several questions,

3  Tr. 490-92.  After additional time treating Plaintiff, she rendered disabling

4  opinions.  Tr. 8-10, 709-11.  Ms. Rutter's later opinions state Plaintiff was disabled

5  for the entire relevant period, contradicting her earlier opinion that Plaintiff could

6  sustain sedentary work.  *See* Tr. 8-10, 709-11.  Additionally, during the time period

7  Ms. Rutter stated Plaintiff was capable of performing sedentary work, Dr. Jackson,

8  who is an acceptable medical source, rendered a disabling opinion.  Tr. 586-97.  As

9  such, there is sufficient evidence to determine the medical opinions support a

10  finding of disability for the entire relevant period, and remand to address conflicts

11  in the opinions is unnecessary.

12     As to the second prong, the ALJ failed to provide legally sufficient reasons,

13  supported by substantial evidence, to reject Dr. Jackson and Dr. Packer's opinions.

14  Therefore, the second prong of the credit-as-true rule is met.  The third prong of

15  the rule is satisfied because if Dr. Jackson and Dr. Packer's opinions were credited

16  as true, the ALJ would be required to find Plaintiff disabled, as the doctors opined

17  Plaintiff is unable to maintain even sedentary work.

18     Finally, the record as a whole does not leave serious doubt as to whether

19  Plaintiff is disabled.  *Garrison*, 759 F.3d at 1021.  Plaintiff has not engaged in

20  substantial gainful activity during the relevant period.  *See* Tr. 252.  There is

ORDER - 24

evidence of ongoing significant physical limitations in the record, as discussed

*supra.* While the ALJ stated Plaintiff offered exaggerated information relevant to

the issue of disability, Tr. 26, the ALJ did not explain this assertion by citing to any

evidence of exaggeration. The ALJ merely asserted Plaintiff exaggerated her

fibromyalgia pain responses with no evidence to support the assertion. Tr. 22.

Moreover, the credit-as-true rule is a "prophylactic measure" designed to

motivate the Commissioner to ensure that the record will be carefully assessed and

to justify "equitable concerns" about the length of time which has elapsed since a

claimant has filed their application. *Treichler*, 775 F.3d at 1100 (internal citations

omitted). In *Vasquez*, the Ninth Circuit exercised its discretion and applied the

"credit as true" doctrine because of Claimant's advanced age and "severe delay" of

seven years in her application. *Vasquez*, 572 F.3d at 593-94. Here, Plaintiff is

now over 55-years-old, and the delay of over six and a half years from the date of

the application make it appropriate for this Court to use its discretion and apply the

"credit as true" doctrine pursuant to Ninth Circuit precedent. While waiting for a

decision on her application for benefits, Plaintiff was diagnosed with cancer. Tr.

22. As such, the Court finds it is appropriate to remand for immediate benefits.

ORDER - 25

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and is not free of harmful legal error.  Accordingly, **IT IS HEREBY ORDERED**:

1. The District Court Executive is directed to substitute Kilolo Kijakazi as Defendant and update the docket sheet.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED**.

3. Defendant's Motion for Summary Judgment, **ECF No. 17**, is **DENIED**.

4. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for immediate calculation and award of benefits.

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE**.

DATED January 25, 2023.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 26